Good afternoon. May it please the court, Jim Vorovyev on behalf of Mr. Dominguez. Can the court hear me okay? Yes. If you could speak just a smidge louder, I'd appreciate it. Yes, Your Honor. Is this better? Yeah, the trick is to talk right into the microphone, I think. Okay. Perfect. And I would like to reserve two minutes for rebuttal, please. All right. I'll watch the clock. I'll try to help you, but keep track of your own time. Yes, Your Honor. Before I begin, is there any particular point that the court would like me to address first? Well, the sands have shifted in this case with the initial briefing and the supplemental briefing, and cases are coming out every day, it appears. I think the most difficult issue in this case is the attempted Hobbs Act robbery and whether that constitutes a crime of violence. So why don't you start there? Yes, Your Honor. It's actually a very interesting issue, one of first impression in the circuit. And we believe that attempted Hobbs Act robbery is not a crime of violence under the elements clause because an attempt to commit a Hobbs Act robbery doesn't have as an element threatened, attempted, or actual use of force. Circuit law doesn't require that. All that's required is the intent to commit the target crime and a substantial step to commit it, which can be any kind of innocuous conduct. I mean, I suppose it has to be corroborating with the target intent, but otherwise it doesn't have to be a criminal act, doesn't have to involve force, could be based on just heading towards the bank or the financial institution, as the case was here. And I believe the statute actually requires that as an element before it be considered a crime of violence under this provision. Can I ask you a question? Yes, Your Honor. Do you agree that the completed crime of Hobbs Act armed robbery is a crime of violence? I do not. Don't the cases say otherwise? Not on the theory that Hobbs Act robbery can be based on present or future threat to tangible or intangible property interest. So cases do not, certainly not in this circuit, do not say that completed Hobbs Act robbery is a crime of violence under that theory. On other theories – Suppose we were to disagree with you. Suppose we were to hold that or find that it's already been held that the completed crime of Hobbs Act armed robbery is a crime of violence. Let's just take that assumption. Wouldn't it follow then that the attempt to complete that crime would also be a crime of violence? No, Your Honor, I don't think it would, because the statute, again, textually requires that there has to be an element that involves threatened, attempted, or actual use. Attempted Hobbs Act robbery does not have that as an element. So I don't think it's correct to say, well, because the ultimate crime is a crime of violence, any attempt to commit that crime is also a crime of violence. I just don't think that's textually true. If you look at the elements, which is what the categorical, modified categorical approach requires to do. So your argument, as I understand it, counsel, is the least serious conduct that could constitute a substantial act required for conviction of attempted Hobbs Act robbery doesn't have to involve violence, and so therefore doesn't meet the force or elements clause. Right. That is correct, Your Honor. Right. And I would also direct the Court not only to the text of the force clause provision, but as an overall structure of the statute, because 924C had two provisions. One was specifically focused on the elements of the crime, and the other was a broad residual clause provision, which is now struck down. So I think Congress's intent was to distinguish between certain crimes where you have to have this element and then also include a catch-all provision. And the catch-all provision, the Supreme Court tells us, is now gone. And if there is to be a remedy for that, it would be up to Congress to rewrite the statute, rather than trying to fit, for lack of a better example, a square peg into a round hole. Attempted Hobbs Act robbery does not have as an element threatened, attempted, or actual use of violent force. And I think that's how the Court should resolve it. I realize that there were two other circuits, at least, that have gone the other way, and I think they were mistaken for that reason, because they basically assumed, well, if the completed crime is a crime of violence, then the attempt must be. I think that's an analysis divorced from the elements of the actual attempt. And, in fact, just as to one of those circuits, the Eleventh Circuit in St. Hubert, there was a petition for a hearing in Bonk. The petition was denied, but several judges have descended from that decision precisely on the basis that we're arguing that it is not accurate to say that because a completed crime is a crime of violence, assuming that that's what the Court finds, then the attempt invariably must be a crime of violence. And I believe that there is a petition for cert in St. Hubert that pending before the Supreme Court. There was a call for response by the Court. So that's kind of in the middle of so that's really what I have to say about attempt. It's just I think if you look at the text of the first clause provision and on the overall structure of the statute, you have to, I mean, I think you should agree that it is not a crime of violence. And does the Court have any other questions about the attempt? I don't want to move away from it before I. It doesn't appear that we do. Okay. I have a couple of minutes. If I could briefly talk about the completed acts of robbery. I know the Court seemed to indicate that it had already decided the issue. I would urge the Court to, again, look at the theory that a Hobbs Act robbery can be completed by a threat to economic injury. And that can be a threat to non-tangible property interests. And that doesn't have to involve violent physical force. It's not necessarily a baseball bat to somebody's car. Excuse me. I didn't mean to. If you want to finish your sentence, I didn't mean to. We have a little delay here. I didn't mean to step on your word. Sure, no. Sorry, Your Honor. It could be something as innocuous as I think one court used the example of spreading chocolate on the passport. It could be scratching an expensive car. That would not involve violent physical force. Even as modified by Stockland, I suppose, it still talks about potential violent physical force. A threat to non-tangible economical history doesn't necessarily involve that. Haven't we held in the SELFA case that Hobbs Act robbery is categorically a crime of violence? Isn't that already a decided point? Well, I think SELFA is a bank robbery case, Your Honor. I could be wrong, but I believe it's not a Hobbs Act robbery case. Anyway, I think SELFA predates Davis-Demeyer cases. But I think that SELFA was a bank robbery case, and I don't think it involved an issue whether it was a threat to economic non-tangible interest, which is the theory that we're narrowly focusing on. My note is that it was a Hobbs Act. I'll go back and check it. But would it make any difference if it's bank robbery or armed robbery? Well, I think it would make a difference in the sense that it didn't involve, I believe, it didn't involve an argument that it was a threat to economic non-tangible interest. So I think it could be an authority for proposition that Hobbs Act robbery is a crime of violence, even under that line of argument. I'd be happy to submit a 28-day letter further addressing it, but my best recollection is that it didn't involve that issue. And I thought, again, my best recollection that it's a bank robbery case, I could be wrong. Okay. Thanks. You want it to save some time? Yeah. Yes, Your Honor. Good afternoon, Your Honors. Vanessa Bair-Jones on behalf of the United States. May it please the Court. Since we were just talking about SELFA, I'll wade in right there. SELFA, the appellate counsel is correct. SELFA is a case about bank robbery, Your Honor. But I do believe that this Court has held that SELFA is binding on this issue. In unpublished decisions in Howard and in Jay, which are more recent decisions, this Court held that SELFA is binding on the question of whether or not the force element clause in 924C means that Hobbs Act robbery is a crime of violence. So I do believe that this Court has held that SELFA is binding on that issue. But turning back to the main question before the Court today, which is the attempt, there are two problems with the appellant's argument on attempt. And the first one is that the appellant is arguing that the substantial step of attempt, because the substantial step in an attempted Hobbs Act robbery does not necessarily itself involve a use or attempted use or threatened use of force, that is fatal. But that can't be the analysis, because under that analysis, no attempted crimes would ever count under the elements clause. And that cannot be Congress's intent in how it drafted that clause. It would render the word attempted use of force meaningless. Even an attempted murder would involve substantial steps, substantial steps that did not necessarily themselves involve uses of force. But certainly an attempted murder would count as an attempted use of force and be considered a crime of violence under the elements or force clause. Well, under the government's analysis, every attempted crime of violence is a crime of violence. Is that correct? Yes, Your Honor. And that's – And so I can certainly imagine some attempted crime of violence involves the attempted use of force, as in you tried to fire a gun, it jammed up or somebody got in the way, things of that sort. And there are other attempted crimes of violence that may not involve the attempted use of force in terms of the actus reus element, such as turning away because the police showed up on the scene. And let's say you're at home preparing to put your ski mask on, then you get a phone call and you decide to call it off and commit the Hobbs Act robbery the following day. But the police come to your house and arrest you because there's been an undercover operation all along. So there are some, when you're saying attempted use of force, certainly some crimes involve the attempted use of force and others don't. But under the categorical approach, you look at the least serious crimes. And so in the government's view, can an attempted Hobbs Act robbery be committed looking at the categorical approach where the substantial step doesn't involve any attempted use of force? Yes, Your Honor. And that's because – and I'm sorry if I misspoke before. That's because the attempt that's in the elements clause, so the attempt that's in this attempted use of force, has the same definition as the attempt that's used in the attempted substantive crime. So let me further explain. So attempt in the substantive offense means the specific intent to commit the crime and then a substantial step that's taken towards committing that crime. Okay. So now we're back in the government's argument, as I understand it from your supplemental brief, is that every attempted crime of violence is a crime of violence because – and I'm reading from page 8 of your brief – because it requires evidence that defendant intended to violate the underlying statute. So as I understand your argument, well, an attempted Hobbs Act robbery is a crime of violence because you intended to commit the substantive crime of robbery. Is that – am I understanding the government's argument correctly? That's not the argument I'm trying to make here. The argument I'm trying to make here is simply that if we go back to the elements clause itself, what is an attempted use of force? So that's the phrase that's in the elements clause. An attempted use of force means to have the intent to use force and to take a substantial step towards using that force. So it's not that in order to satisfy – in order for it to be a categorical match, that the substantial step itself has to be a use of force because that would render the word attempt in the elements clause meaningless. It has to be that the attempt that's in the elements clause has the same meaning. It's the same – all right. Then I think we're on the same page, that because the attempted Hobbs Act robbery involves the specific intent to essentially commit the Hobbs Act robbery, which involves the attempted use of force, therefore, an attempted crime of violence is a crime of violence. Did I get that correctly? Correct, Your Honor. I think – I think that that must be the answer based on the language that Congress used it in – used in drafting the elements clause, because otherwise, the attempt that's in the elements clause would be meaningless. If the only – if the only crime that – if it had to be that the substantial step was a use of force, then why would Congress wouldn't have needed to include the word attempted – attempt in the use of force before – before modifying the use of force? It would render that meaningless. Listen, let me ask you this. The intent to commit the underlying crime, in this case, Hobbs Act robbery, is present as an element in both the conspiracy as well as the attempt. So the conspiracy, the government has conceded. What's the analytical distinction between attempted Hobbs Act robbery and conspiracy to commit a Hobbs Act robbery? I think there are three points I'll make on that, Your Honor. The first is that Congress's language is clear in how it drafted the elements clause. And in drafting the elements clause, Congress included the attempted use of force but didn't include a discussion of conspiracy. So from the plain language, this – the Court need not look further than the plain language of what Congress intended to do in that statute. But I think there's also an analytical difference, which is that a conspiracy can have multiple different players, and these different players can have very different roles as part of the conspiracy. So there could be a member of the conspiracy whose only role is to drive the getaway car, and that that role is not at all inherently violent. And so I think there's a reason behind this distinction between an attempt which is – is, you know, underlies the substantive offense. Any substantive offense can be committed based on that theory of liability versus the different charge, which would be the conspiracy charge, where somebody could play a role that is not an inherently violent role. So I think there's an analytical difference there. There's a difference in the way that – in the way that Congress drafted the elements clause. And then finally, the precedent here is very clear. Well, couldn't someone be convicted under an aiding and abetting theory for attempt at Hobbs Act robbery when that person is a peripheral player just as in the conspiracy context? So under an aiding and abetting theory, the government's position – so that's not before the Court here. You're – you're asking about the attempt. Someone could be convicted of an attempt at Hobbs Act robbery and be a peripheral player. Is that the question, Your Honor? Right. Because I'm trying to understand why the government conceded the conspiracy, but yet under the categorical approach, the analysis is entirely distinct as to an attempt crime. So your answer to me is that, well, 924C basically says any person who during and in relation to a crime of violence uses or carry a firearm is subject to the enhanced sentence, right? You're going back to the statutory language. And so you're saying, well, any participant in an attempted Hobbs Act robbery intends to use violence, which to me sounds the same as saying that you intend to basically carry out the underlying crime. And the same would also be true of a conspiracy, because the intent to carry out the underlying crime is also an element of a conspiracy to commit a Hobbs Act robbery. So in response to that, I guess my trying to grapple with the analytical distinction, you said, well, in a conspiracy, there could be a peripheral player. And so that's why I asked, well, isn't there the same peripheral player problem in an attempt Hobbs Act robbery scenario? Your Honor, two points. I'd say first, so the intent is the same, but the substantial step is different from an overt act. So that's a distinction here. The second point I'd make is that the courts have just treated these two different theories of liability very differently. So in Davis, the Supreme, that was a case that involved a conspiracy to commit Hobbs Act robbery, and that's the case where the Supreme Court found the residual clause unconstitutional. So to the extent that we're bound by that holding, the government believes it's important, it's necessary to concede here. But in that also, on remand, the Second Circuit in Barrett, which had held that under a combined analysis of both the elements clause and the residual clause found that after Davis, that analysis was no longer valid. So the government does believe this court is bound by Davis on that point. But secondly, there is precedent on attempt that distinguishes it. And in Hill, the Seventh Circuit found that attempted Hobbs Act robbery was a crime of violence under the elements clause. Similarly, the Eleventh Circuit has held that in St. Hubert. So the cases treat these two different theories of liability differently. I may have misunderstood you. Did you say the intent in conspiracy is the same as the intent in an attempt crime? Maybe I misunderstood what you said. So the specific, to commit, to be guilty of attempted Hobbs Act robbery, a defendant must have the specific intent to commit every element of the crime. To be guilty. Sorry, Your Honor, yes? No, it's different than the intent required in a conspiracy conviction. Well, to be guilty of the conspiracy, the defendant must intend to commit the underlying offense, Your Honor. Well, there has to be an agreement to commit the crime coupled with an overt act, right? Yes, Your Honor. But the defendant must intend to commit the robbery, the Hobbs Act robbery. In a conspiracy? Yes, Your Honor. Any other questions from the panel? We've taken you over your time. I apologize, Your Honor. No, no. Okay. Nothing for me, thanks. Thank you. Thank you, counsel. Very helpful. Good afternoon. Again, I have three points to make. Number one, I actually agree with Judge Nguyen that I don't think there is an attempt. You have to have the intent to commit the target crime. I'm not saying anything. I'm just wrestling with it and testing the government's arguments. Right. My point is I don't think there is a rational reason to distinguish between one or the other. I think both must fall under that logic. And the reason for that is that the Congress, when it drafted 924C elements clause, not only used the word attempted, but it also used the word elements. So if we're going to construe the statute, we hopefully have to give meaning to both words. And in this case, the problem was both an attempt and a conspiracy, frankly, is none of them has an element that requires threatened, attempted, or actual use of force. So I think for that reason, they must fall. And one brief point, ruling for us, agreeing with our position on attempt, would not eradicate all attempts out of existence. There are state statutes most. The one that I can think of is the New York attempt statute that construes a substantial step narrower than the Federal substantial step attempt. Also, at least some forms of Federal assaults will invariably involve an element of attempted use of force. So there are some crimes that would fit within that narrow definition. And the reason that Congress had that narrow definition, because it also had a broad residual clause which caught everything which may not necessarily involve an element involved with those things, but would have come in under the substantial risk. Now, the Supreme Court tells us that's no longer a valid provision. The remedy for that is for the Congress, you know, to come up maybe with a different statute that addresses that, but not trying to rewrite the statute in the way I think the Seventh Circuit. And the Eleventh Circuit have done. And I think the Eleventh Circuit is having second thoughts about their approach. But I don't think this is an approach that this Court should follow. It's contrary. I don't know if they're having second thoughts if the PFRAB got denied. Right. You know, I would say some judges are having second thoughts about our approach. Bottom line is, it's not supported by the text of the statute. It's not supported by congressional intent. I don't think the Court should follow this. All right. We've taken you over your time as well. Let me see if my colleagues have any questions. I don't. Thank you very much. Very helpful. Thank you. I don't either. Thanks. All right. Thank you to both sides for your helpful arguments today in this case. The matter is submitted for decision.
judges: Silverman, Nguyen, Anello